NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YANILDA ANETTE TORO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DIRECTOR OF TRENTON<br>PSYCHIATRIC HOSPITAL *et al.*,<br><br>　　　　　　Defendants. | Civ. No. 20-1526<br><br>**OPINION** |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court following the Court's Order directing Plaintiff Yanilda Anette Toro ("Plaintiff") to show cause why the Complaint should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (ECF No. 13.) For the reasons stated herein, Plaintiff's claims against all Defendants except Defendant Trinitas Regional Medical Center are dismissed. Plaintiff is directed to serve Defendant Trinitas Regional Medical Center and submit proof of service to the Court within sixty (60) days.

## BACKGROUND

This case arises out of Plaintiff's commitment into mental health institutions and her separation from her daughter. (*See* Compl. at 2–9, ECF No. 1.) Plaintiff filed the Complaint *pro se* on February 11, 2020. (ECF No. 1.) The caption of the Complaint lists eight defendants, including "Trinitas hospital psyc" and "Trinitas hospital Emergency room Director." (Compl. at 1.) The body of the Complaint lists four defendants, including "Director of Trenton State

1

Psychiatric Hospital." (*Id.* at 2.)

On March 20, 2020, Plaintiff filed a "Return of Service" form, dated March 7, 2020, pertaining to Defendant "Trinitas inpatient psyc hospital." (ECF No. 9.)[1] The form indicates that Plaintiff Toro effectuated service on that entity by regular mail. (*See id.*) Plaintiff did not submit proof of service on any other individual or entity.

On May 22, 2020, the Court, recognizing that "Plaintiff ha[d] not effectuated service of the Complaint on all of the defendants listed in the caption or identified in the body of the Complaint," ordered that, on or before June 25, 2020,

> Plaintiff shall either . . . file proof of service with the Clerk of Court for each defendant the Plaintiff seeks to proceed against in this action; . . . show cause why the Complaint should not be dismissed pursuant to [Fed. R. Civ. P.] 4(m) for failure to effect service within ninety days of the filing of the Complaint; or . . . file an Amended Complaint—which in turn must be served on each defendant within ninety days—that specifies the defendants named in this action and clearly delineates which factual allegations and claims are asserted against each defendant.

(Order at 2–3, ECF No. 13.)

On July 28, 2020, Plaintiff appealed the Court's Order. (ECF No. 16.) On August 4, 2020, Defendant Trinitas Regional Medical Center filed an Answer and Crossclaim. (ECF No. 18.) On September 17, 2020, the U.S. Court of Appeals for the Third Circuit dismissed Plaintiff's appeal. (ECF No. 19.)

## **LEGAL STANDARD**

Rule 4(m) of the Federal Rules of Civil Procedure requires that a defendant be served within ninety days after the complaint is filed. Fed. R. Civ. P. 4(m). If service is not

---

[1] The Court construes the "Return of Service" form as referring to Defendant Trinitas Regional Medical Center.

2

consummated within that time, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* The court conducts a two-step analysis: First, the court determines whether good cause has been shown; if it has, the court must extend the ninety-day deadline. *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997) (citing *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995)). Second, if good cause is not shown, the court considers whether to grant a discretionary extension of time to effectuate service of process. *Id.* (citing *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995)).

Where good cause is absent, a district court may consider several non-exhaustive factors: (1) "actual notice of the legal action"; (2) "prejudice to the defendant"; (3) "the statute of limitations on the underlying causes of action"; (4) "the conduct of the defendant"; and (5) "whether the plaintiff is represented by counsel." *Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009) (citing Fed. R. Civ. P. 4(m) Notes of Advisory Committee on 1993 amendments; *Boley*, 123 F.3d at 759). "[A]ctual notice to a defendant that an action was filed militates against a finding of prejudice." *Boley*, 123 F.3d at 759; *accord M.K. v. Prestige Acad. Charter Sch.*, 751 F. App'x 204, 207 (3d Cir. 2018). "[C]ourts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion so that the defendant is not forced to defend against stale claims." *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir. 1998).

## DISCUSSION

### I.   Defendants Other Than Trinitas Regional Medical Center

Plaintiff has not attempted to submit proof of service on any Defendant other than Defendant Trinitas Regional Medical Center. Nor has Plaintiff attempted to demonstrate good cause for failure to serve. Because there is no indication in the record that these Defendants have actual notice of this dispute and it appears that Plaintiff did not attempt to serve them, the Court will not grant a discretionary extension of the deadline for Plaintiff to do so. *See Prestige Acad.*, 751 F. App'x at 207 (affirming a discretionary denial of an extension of the service deadline because the defendant did not have actual notice of the suit). Accordingly, Plaintiff's claims against all Defendants other than Defendant Trinitas Regional Medical Center are dismissed.

### II.   Defendant Trinitas Regional Medical Center

#### A.   *Failure to Serve*

Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. An individual may be served in a judicial district of the United States by

> (1)  following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2)  doing any of the following:
>  (A)  delivering a copy of the summons and of the complaint to the individual personally;
>  (B)  leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>  (C)  delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Generally, a corporation, partnership, or other unincorporated association may be served in a manner prescribed by Rule 4(e)(1) for serving an individual, or by delivering

a copy of the summons and complaint to an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1).

Under the New Jersey Court Rules, service by mail within the state is permitted only under specific circumstances. "First, a plaintiff may attempt initial service of process by mail, in which event the service is valid and a default may be entered only if the defendant answers or otherwise appears in the action." *Citibank, N.A. v. Russo*, 759 A.2d 865, 868 (N.J. Super. Ct. App. Div. 2000) (citing N.J. Ct. R. 4:4-4(c)). "If defendant does not answer or appear within 60 days following mailed service, service shall be made as is otherwise prescribed by [Rule 4:4 of the New Jersey Court Rules]." N.J. Ct. R. 4:4-4(c). Second, service of an individual by registered or certified mail in New Jersey is permitted where "personal service cannot be effected after a reasonable and good faith attempt, which shall be described with specificity in the proof of service." N.J. Ct. R. 4:4-3(a); *see also U.S. Bank Nat'l Ass'n v. Curcio*, 130 A.3d 1269, 1276 (N.J. Super. Ct. App. Div. 2016). Third, parties may serve the State of New Jersey by "registered, certified or ordinary mail." N.J. Ct. R. 4:4-4(a)(7).

Plaintiff has not demonstrated that she served Defendant Trinitas Regional Medical Center under Rule 4 of the Federal Rules of Civil Procedure or Rule 4:4 of the New Jersey Court Rules. Rule 4:4-3(a) of the New Jersey Court Rules is inapplicable because Plaintiff has not indicated that she made a reasonable and good faith attempt to provide personal service. *See* N.J. Ct. R. 4:4-3(a). And although Plaintiff was entitled to attempt initial service by mail under Rule 4:4-4(c), service under that provision is valid only where the defendant answers or appears within sixty days following mailed service. *See* N.J. Ct. R. 4:4-4(c); *Advanced Ortho Hand Surgery PA v. Oxford Health Ins., Inc.*, 2018 WL 797422, at *2 (D.N.J. Feb. 8, 2018) ("Rule 4:4-4(c) makes clear that service is not effective unless Defendant answers or appears within 60 days

5

following the mailed service."). "The requirements of the rules with respect to service of process go to the jurisdiction of the court and must be strictly complied with. Any defects . . . are fatal and leave the court without jurisdiction . . . ." *Berger v. Paterson Veterans Taxi Serv.*, 581 A.2d 1344, 1346 (N.J. Sup. Ct. App. Div. 1990) (quoting *Driscoll v. Burlington-Bristol Bridge Co.*, 86 A.2d 201, 230 (1952)). Plaintiff's "Return of Service" form indicates that Plaintiff mailed the Summons and Complaint to "Trinitas inpatient psyc hospital" on March 7, 2020. (ECF No. 9.) Defendant Trinitas Regional Medical Center did not answer or appear within sixty days of March 7, 2020, although it has since answered. (*See* Answer, ECF No. 18.) Therefore, Plaintiff has not properly served Defendant Trinitas Regional Medical Center or shown good cause for failing to do so.

        B.     *Extension of Deadline to Serve Defendant Trinitas Regional Medical Center*

Even though Plaintiff has failed to effectuate proper service of process, the Court will exercise its discretion to extend the deadline for Plaintiff to serve Defendant Trinitas Regional Medical Center to sixty (60) days following the Court's accompanying Order. Defendant Trinitas Medical Center is unlikely to have been prejudiced by Plaintiff's delay in service because it had actual notice of this suit: it presumably received the Summons and Complaint in the mail and eventually filed an Answer. Because Defendant Trinitas Regional Medical Center did not answer or appear within sixty days following mailed service, however, Plaintiff must now effectuate service of process "as is otherwise prescribed by [Rule 4:4]"—that is, by any proper method of service other than optional mailed service under Rule 4:4-4(c) of the New Jersey Court Rules. *See* N.J. Ct. R. 4:4-4(c).

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against all Defendants other than Trinitas

Regional Medical Center are dismissed. Plaintiff is directed to serve Defendant Trinitas Regional Medical Center and submit proof of service to the Court within sixty (60) days. An appropriate Order will follow.

Date: <u>October 19, 2020</u>                                           <u>/s/ *Anne E. Thompson*   </u>
                                                                        ANNE E. THOMPSON, U.S.D.J.